UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Petitioner,

v.

TONY SHAVER.

    Respondent.

CASE NO. 3: 11-CV-5696RJB

REPORT AND RECOMMENDATION

NOTED FOR OCTOBER 28, 2011

This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner has paid the filing fee. Review of prior filings by Mr. Nash shows that he has previously filed a petition for habeas corpus challenging the same conviction and sentence that he challenges in this petition. The conviction and sentence at issue is a 1999 Lewis County conviction for second degree rape of a child. The prior habeas corpus petition was 04-cv-5785FDB.

The court recommends this petition be transferred to the Ninth Circuit as second or successive.

## DISCUSSION

Generally, a petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (because petitioner was aware of the factual basis for the claim of ineffective assistance of counsel, but failed to file it in the first petition, the district court was correct in dismissing it under § 2244). The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244 (b)(2). Under that provision, a successive application is permissible only if it rests on a new rule of constitutional law, if there are facts that were previously unavailable, or there are facts that would be sufficient to show constitutional error in the petitioner's conviction. 28 U.S.C. § 2244 (b)(2); see Cooper, 274 F.3d at 1275. If the petition is second or successive, then the petitioner must seek authorization from the court of appeals before filing the new petition with the district court. 28 U.S.C. § 2244 (b)(3).

The Ninth Circuit Rule 22-3 (a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

Accordingly, the court recommends that this petition be transferred to the court of appeals and that the case administratively closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. <u>See</u>, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 28, 2011 as noted in the caption.

Dated this 27th day of September, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3